IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-611-GPG

CLIFFORD MARCUS WINKLES,

    Applicant,

v.

RHODES, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Clifford Marcus Winkles, is in the custody of the Federal Bureau of Prisons in Coleman, Florida. On March 25, 2015, Applicant filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) that challenges the constitutionality of 28 U.S.C. § 2255(e) and (h) and also the validity of his conviction and sentence in *United States v. Winkles*, No. 00-cr-00359-DDP-2 in the United States District Court for the Central District of California. At the time he filed his § 2241 application, Mr. Winkles was incarcerated at the United States Penitentiary, Florence High, in Florence, Colorado.

On March 25, 2015, Magistrate Judge Gordon P. Gallagher entered an Order for Applicant to Cure deficiencies by either filing a 28 U.S.C. § 1915 Motion and Affidavit or paying the $5.00 filing fee. (ECF No. 3). On April 16, 2015, Applicant cured the deficiency by paying the filing fee. (ECF No. 4). On April 24, 2015, Applicant filed a memorandum of law in support of his habeas application (ECF No. 6).

**I. Pro Se Litigant**

The Court must construe liberally Applicant's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed without prejudice.

**II. Background**

This case has an extensive history.  In March 2000, Applicant was charged as the lookout/getaway driver in two bank robberies.  He was convicted in the Central District of California of conspiracy in violation of 18 U.S.C. § 371; two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a)(d); brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and witness tampering in violation of 18 U.S.C. § 1512(b)(1). *See United States v. Winkles,* No. 00-cr-00359-DDP-2 (C.D. Cal.), ECF No. 140.  He was sentenced to a total of 476 months of incarceration and to five years of supervised release. *Id.* On October 1, 2001, Applicant filed a notice of appeal. *Id.,* ECF No. 142.  The Ninth Circuit affirmed the judgment of conviction on February 13, 2003. *See United States v. Winkles,* No. 01-50588 (9th Cir. Oct.), ECF No. 33.

On May 19, 2004, Applicant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 asserting six grounds for relief based on ineffective assistance of counsel prior to trial, during trial, and during his appeal. *See*

*United States v. Winkles,* No. 00-cr-00359-DDP-2 (C.D. Cal.), ECF Nos. 183, 206. According to Applicant, he filed an amended habeas petition in August 2005 after he received his trial transcripts. However, the district court either did not receive the amended habeas application or failed to file it and, on November 18, 2005, the sentencing court denied the original § 2255 motion. *Id.,* ECF No. 200. Applicant then submitted a letter asking permission to respond to the sentencing court's denial of his § 2255 motion, which the sentencing court construed as a motion for reconsideration. *Id.,* ECF Nos. 201-203. On March 18, 2008, the sentencing court denied the motion for reconsideration finding that Applicant did not present any reason for the court to reconsider its prior ruling and rejecting Applicant's argument that he was unable to argue all the merits of his claims because he did not have his criminal trial transcripts when he filed his original § 2255 motion in May 2004. *Id.,* ECF No. 206.

On May 6, 2008, Applicant filed a motion for relief from an order pursuant to Fed. R. Civ. P. 60(b), which the sentencing court construed as a second motion for reconsideration. *Id.*, ECF Nos. 208-209. In denying the motion, the sentencing court rejected Applicant's argument that he was unable to prepare and present a complete and accurate § 2255 motion because prison officials misplaced Applicant's trial transcripts. *Id.,* ECF No. 209. Moreover, the sentencing court explained that Applicant did not cite what new evidence, if any, he discovered from the transcripts that supports the merits of his § 2255 claims. *Id.* Applicant appealed this decision and his request for a certificate of appealability was denied. *Id.,* ECF No. 220; *see also United States v. Winkles,* No. 09-55987 (9th Cir.), ECF No. 12.

Applicant proceeded to file multiple actions in the United States Court of Appeals

for the Ninth Circuit requesting authorization to file a second or successive § 2255 motion in the sentencing court. *See In re: Clifford Marcus Winkles,* No. 10-72904 (9th Cir.); *In re: Clifford Marcus Winkles,* No. 10-71190 (9th Cir.); *In re: Clifford Marcus Winkles,* No. 12-70783 (9th Cir.); and *In re Clifford Marcus Winkles,* No. 13-72920 (9th Cir.). The Ninth Circuit denied all of Applicant's requests. *Id.*

On April 4, 2013, Applicant filed another motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) in the sentencing court. *See United States v. Winkles,* No. 00-cr-00359-DDP-2 (C.D. Cal.), ECF No. 231. In the motion, Applicant asserts that "extraordinary circumstances" affected the integrity of his § 2255 proceedings, and that the sentencing court improperly denied his previous motions for reconsideration of the order denying his § 2255 motion. *Id.* As relief, Applicant essentially sought reconsideration of the sentencing court's initial order denying § 2255 relief and to be heard on his amended § 2255 motion. *Id.* The sentencing court summarily denied the motion without explanation. *Id.,* ECF No. 235. Applicant appealed. *See United States v. Winkles,* No. 13-56376 (9th Cir.). The Ninth Circuit initially remanded the case to the district court for the limited purpose of granting or denying a certificate of appealability. *Id.,* ECF No. 4. The sentencing court denied a certificate of appealability finding there had been no substantial showing of the denial of a constitutional right. *Id.,* ECF No. 6. On December 16, 2013, however, the Ninth Circuit appointed counsel to Applicant and referred this matter to a merits panel to determine whether the motion for relief from judgment is a legitimate Rule 59(e) or Rule 60(b) motion, and if so, whether a certificate of appealability is necessary. *Id.,* ECF No. 11. The Ninth Circuit also directed the parties to address whether the sentencing court abused its discretion by denying the motion for

4

relief from judgment. *Id.* On January 20, 2015, Mr. Winkles, through appointed counsel, submitted his Reply Brief, where he requests that the Ninth Circuit reverse the judgment of the district court and remand for the district court to: (1) reconsider its section 2255 order, and (2) consider his amended habeas claims in the first instance. *Id.*, ECF No. 41. Oral Arguments are scheduled in the case on June 1, 2015. *Id.*, ECF 45.

On April 4, 2014, Applicant filed a § 2241 habeas application in this Court, seeking to invoke the savings clause under § 2255(e) to challenge the validity of his sentence and conviction. *See Winkles v. No Named Respondent*, 14-cv-974. On June 19, 2014, Magistrate Judge Boland ordered Applicant to show cause why the action should not be dismissed without prejudice because he has an adequate and effective remedy in the sentencing court pursuant to § 2255. *See id.,* ECF No. 18. On June 27, 2014, Applicant filed a Response (*See id.*, ECF No. 19) arguing that the remedy in § 2255 is inadequate or ineffective for three reasons. First, he asserted that the remedy under § 2255 is inadequate or ineffective because the remedy only is available to test a sentence that is "being served." *Id.* at ECF No. 19 at 4. He argued that he is "presently incarcerated under sentence for another sentence imposed" based on his concurrent and consecutive sentencing arrangement, and thus he cannot "test" his conviction under § 2255. *Id.* at 5-7. Next, Applicant contended that the remedy is inadequate or ineffective because "the sentencing court refuses to consider the § 2255 motion, and inordinately delays consideration of the § 2255 motion, and is unable to grant complete relief." *Id.* at 17. He asserted that "extraordinary circumstances impeded his ability to raise Constitutional claims in a timely manner on § 2255." *Id.* He argues that his initial § 2255 motion was incomplete because prison officials withheld trial transcripts, and

5

that upon receipt of the transcripts, he sought to amend his § 2255 motion but that the sentencing court never received or did not file the amended motion, thereby depriving him of one "full round" of meaningful post-conviction relief. *Id.* at 18.  Applicant's third argument was that he has a federal constitutional right to be released upon proof of actual innocence. *Id.* at 20.  In support of this argument, he asserts that his convictions under 18 U.S.C. § 924(c) are improper on a *Pinkerton* theory and that the convictions were obtained by the use of false and fabricated evidence. *Id.* at 8-16, 21.

On July 17, 2014, this Court dismissed the Application without prejudice for lack of statutory jurisdiction because the Applicant failed to demonstrate that the remedy available to him in the sentencing court or the circuit court, pursuant to 28 U.S.C. § 2255, was inadequate or ineffective. *Id.* at ECF No. 20.  On July 28, 2014, Applicant filed a Motion for Relief from Judgment pursuant to Fed.R.Civ.P. 59(e) (*Id.* at ECF No. 23), which was denied by the Court on August 1, 2014 (*Id.* at ECF No. 24).  On July 29, 2014, Applicant filed a Notice of Appeal. *Id.* at ECF No. 25.  The Tenth Circuit affirmed the district court's dismissal of the case without prejudice on February 20, 2015. *Id.* at ECF No. 29.

The instant action was commenced on March 25, 2015, and Applicant asserts three claims in his § 2241 application: "(1) the Tenth Circuit's Precedent as Established in *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011), effectively renders section 2255(e) or (h) unconstitutional; (2) actually innocent of violating 18 U.S.C. 924(c) and sentenced above the statutory maximum for the crime Mr. Winkles could have been charged for; and (3) actually innocent of a sentence relating to 924(c)." (ECF No. 1).

**III. Analysis**

Applicant's claims in this § 2241 habeas petition are almost identical to the claims he asserted in his earlier § 2241 petition: that he is actually innocent of violating 924(c). The one difference is that in his previous petition he attempted to invoke § 2241 relief under the savings clause of § 2255(e).  This Court dismissed his previous habeas petition for lack of subject matter jurisdiction because Applicant did not meet the savings clause test that the remedy under § 2255 was "inadequate or ineffective."  Therefore, in his current habeas petition, Applicant now asserts that Tenth Circuit precedent effectively renders § 2255(e) and § 2255(h) unconstitutional.

According to Applicant, the Tenth Circuit's "interpretation [of § 2255] can leave an unequivocally innocent United States citizen condemned to spend the rest of his/her life imprisoned or worse: condemned to the death penalty." ECF No. 1 at 3.  Therefore, Applicant argues it "violates due process of law and is cruel and unusual, in violation of the 5th, 14th, and 8th Amendments to the Constitution . . . ." ECF No. 6 at 3.  Applicant provides a hypothetical scenario to demonstrate his theory. *Id.* at 4-6.  As to himself, he argues that he is actually innocent and therefore, his continued imprisonment and lack of recourse in the judicial system violates his due process rights and subjects him to cruel and unusual punishment.

**A. Sections 2255(e) and (h)**

A federal prisoner may challenge the legality of his or her underlying conviction by filing a habeas petition under 28 U.S.C. § 2255. *Brace v. United States*, 634 F.3d 1167, 119 (10th Cir. 2011). A § 2255 motion must be filed with the sentencing court. *See* 28 U.S.C. § 2255(a).  Applicant was sentenced in the Central District of California and has pursued a § 2255 motion there.  Prisoners are usually given only one chance to

have a § 2255 petition considered on the merits. *See* 28 U.S.C. § 2244; *Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir.2011).

However, sections 2255(e) and (h) provide additional chances for federal prisoners to challenge a conviction in certain limited circumstances. Section 2255(h) allows second or successive § 2255 petitions in limited situations, including when there is "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense ...." 28 U.S.C. § 2255(h)(1).

Section 2255(e) is the so-called "savings clause" of § 2255, which allows a federal prisoner to file a § 2241 application to challenge the legality of his conviction if the remedy by § 2255 motion is "inadequate or ineffective" to test the legality of an applicant's detention. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). Section 2241 applications must be made in the district where the applicant is confined. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

In this case, Applicant is challenging the legality of his conviction by pursuing a § 2241 application in this court because at the time he filed the application he was confined in the State of Colorado. *See Atkins v. Garcia*, 816 F. Supp.2d 1108, 1110 (D. Colo. 2011). The only way to proceed with a § 2241 application to challenge a conviction is through the § 2255(e) savings clause. The Applicant has previously attempted to do so, and this Court rejected his previous § 2241 application for lack of jurisdiction because he failed to demonstrate that he lacked an adequate and effective

remedy under § 2255. Therefore, now the applicant is attempting to argue that he should be allowed to proceed with a § 2241 application because otherwise his constitutional rights would be violated.

The narrow reading of the savings clause is well established in the Tenth Circuit. *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011). Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion. *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

In *Prost*, the Court stated the question is "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." 636 F.3d at 584. Section 2255 is not considered inadequate or ineffective merely because the result of a § 2255 petition is unsuccessful. *Prost*, 636 F.3d at 584–85. "[T]he mere fact [the movant] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho*, 177 F.3d at 1179. Instead, the opportunity to seek a § 2255 remedy must be deemed "genuinely absent" before a petitioner may properly file a § 2241 petition. *Prost*, 636 F.3d at 588. For example, the savings clause may be met when the original sentencing court has been abolished or dissolved and the petitioner has nowhere to file a § 2255 petition. *See Prost*, 636 F.3d at 588; *see also Caravalho*, 177 F.3d at 1178 (listing cases).

The petitioner bears the burden of showing that the opportunity to seek a remedy

under § 2255 is inadequate or ineffective. *Brace*, 634 F.3d at 1169. If the petitioner fails to do so, the court lacks jurisdiction to consider the petition on the merits. *See id.* at 1170. Under the *Prost* framework, "a showing of actual innocence is irrelevant." *Abernathy v. Wandes*, 713 F.3d 538, 546 n.7 (10th Cir. 2013) (discussing *Prost*).

While the Tenth Circuit has specifically stated that "a showing of actual innocence is irrelevant," it has raised and left open the question that there might be a case where an applicant should be allowed to "proceed to § 2241 when the application of § 2255(h)'s bar against a second or successive motion for collateral review would seriously threaten to render the § 2255 remedial process unconstitutional." *Prost*, 636 F.3d at 593 (citing *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997) (savings clause may be triggered where "the failure to allow for collateral review would raise serious constitutional questions"); *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997)("Were no other avenue of judicial review available for a party who claims that s/he is factually or legally innocent as a result of a previously unavailable statutory interpretation, we would be faced with a thorny constitutional issue.")). Further, the Tenth Circuit has recognized that "a fundamental miscarriage of justice" exception allows courts to grant federal habeas relief in spite of procedural bars—such as the bar on second and successive § 2255 motions—where a constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Lee v. Oliver*, No. 14-1287, 574 Fed. Appx. 846, 846-48 (10th Cir. Sept. 3, 2014) (citations omitted); *Brown v. Berkebile*, 572 Fed. Appx. 605, 608-09 (10th Cir. 2014); *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) *Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993) ("[H]abeas courts [have discretion] to see

that federal constitutional errors do not result in the incarceration of innocent persons.")). However, when assessing the fundamental miscarriage of justice exception, the Tenth Circuit has held that the prisoner must show, under *Prost*'s savings clause test, that the actual innocence claims in the § 2241 application could not have been tested in an initial § 2255 motion. *Lee*, 636 F.3d at 584; *Brown v. Berkebile*, 572 Fed. Appx. 605, 608-09 (10th Cir. 2014).

In this case, Applicant provides a detailed hypothetical situation to illustrate that there may be circumstances in which a prisoner is actually innocent but has no opportunity to obtain relief. (ECF No. 6 at 4-6). However, Applicant's circumstances are distinguishable from that of the hypothetical he provides. Although Applicant alleges that he is actually innocent, he provides no arguments as to why his claim of actual innocence could not have been tested in his initial § 2255 motion.

Furthermore, and even more compelling, Applicant's motion for reconsideration of his original § 2255 application is still being considered by the Ninth Circuit. In his Opening Brief in the Ninth Circuit, Applicant makes the same argument regarding his actual innocence of section 924(c) convictions as he does here. *See* 13-56376 (9th Cir.), ECF No. 23-1 at 44 (arguing Mr. Winkles could not properly sustain section 924(c) convictions on a *Pinkerton* theory). Therefore, Applicant cannot contend that he was unable to assert his actual innocence claim in his initial § 2255 motion. As a result, he has not established any constitutional concerns based on the application of the Tenth Circuit's *Prost* precedent to his case.

**IV. Conclusion**

Accordingly, similar to when Applicant filed his previous § 2241 application in this

court, he has failed to demonstrate that he lacks an adequate and effective remedy under § 2255 and, therefore, this court lacks jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557-58 (10th Cir. 2013). As a result, the § 2241 Application will be dismissed without prejudice for lack of statutory jurisdiction.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for lack of statutory jurisdiction because Applicant fails to demonstrate that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  5th  day of    June   , 2015.

> BY THE COURT:
>
>   s/Lewis T. Babcock
> LEWIS T. BABCOCK, Senior Judge
> United States District Court